GEORGE A. HOAGLAND, PLAINTIFF IN ERROR, v. JOHN H.
ERCK, DEFENDANT IN ERROR.

Negotiable Instruments: CONDITIONAL ACCEPTANCE. An order read as follows: "John H Erck, Esq., Omaha, Nebraska: Sir—Please pay to Geo. A. Hoagland or order, six hundred and thirty-five dollars, out of amount due me on contract for the erection of your store building, when due," which was accepted. *Held*, First, a conditional order. Second, that no recovery could be had thereon unless the acceptor was then or thereafter indebted to Randall, he having failed to complete the building.

ERROR to the district court for Douglas county, Tried below before SAVAGE, J.

*Kennedy & Gilbert* and *George. W. Doane*, for plaintiff in error.

*J. C. Cowin*, for defendant in error.

MAXWELL, CH. J.

This is an action upon the following instrument:
"February 9th, 1877.
"JOHN H. ERCK, ESQ., OMAHA, NEB., SIR:
"Please pay to Geo. H. Hoagland, or order, six hundred and thirty-five ($635) dollars out of amount due me on contract for erection of your store building when due.
"J. B. RANDALL, Contractor."

On the face of the instrument are these words:
"Accepted.                     JOHN H. ERCK."

The defendant in his answer admits the execution and acceptance of the order, but alleges that at the time he accepted the same he did not owe said Randall any amount whatever, and that after said acceptance Randall abandoned the contract for building and failed in business; and that at no time after said acceptance did he owe said Randall any sum whatever. On the trial of the cause in the district court judgment was rendered in favor of the defendant. The plaintiff brings the cause into this court by petition in error.

It appears from the record that Randall was erecting a store building for Erck at the time this order was accepted; that about that time he ceased work thereon, and in April of that year went into bankruptcy, and that he failed to complete the building.

The order is not absolute, but was to be paid when the amount was due on the contract. The question to be determined therefore is, does the testimony show that Erck was indebted to Randall at the time or after this order was accepted? We think it fails to show such to be the case. It is unnecessary to recapitulate the testimony, which is quite voluminous. In our opinion it fully sustains the judgment. Even if the plaintiff had taken the necessary steps to perfect a mechanic's lien for material furnished a contractor, he could not as the law then stood have recovered against the defendant unless he was indebted to Randall. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.